Clayton L. Everett, Texas State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Phone: (817) 704-3984 | clayton@norredlaw.com
Attorney for Mary and Lawrence Giles

# United States Bankruptcy Court
## Northern District of Texas
### Fort Worth Division

| | |
|---|---|
| In re:<br>Martin Romero<br>1801 Provine Street<br>Fort Worth, TX 76103<br>SSN/ITIN: xxx-xx-6960<br><br>        Debtor. | Case No. 25-42829-mxm<br><br>Chapter 13 |

**GILES'S RESPONSE AND OBJECTION TO DEBTOR'S CERTIFICATION AND MOTION FOR ENTRY OF CHAPTER 13 DISCHARGE**

**TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:**

Mary and Lawrence Giles, ("Gileses"), secured creditors, in the above-referenced Chapter 13 case, file this Response and Objection to the Debtor's Certification and Motion for Entry of Chapter 13 Discharge filed on July 22, 2026 (the "Motion"), and respectfully shows the Court as follows:

## I. BACKGROUND

1. The Gileses are secured creditors in the commercial real property located at 4816 Wichita Street, Fort Worth, Texas 76119.

2. The indebtedness is evidenced by a commercial real estate note, which requires monthly payments of $1,611.19.

3. The Debtor's Motion requests entry of a Chapter 13 discharge and includes the Debtor's certification that he "has made all payments required by [his] confirmed chapter 13 plan."

25-42829-mxm13 - Response Opposed to Debtor's Motion for Entry of Discharge

4.      The Gileses object to the requested discharge because the Debtor has not complied with the postpetition payment obligations owed to the Gileses under the treatment of their secured claim.

5.      The Gileses filed Proof of Claim No. 5 asserting a secured claim in the amount of $184,768.03, secured by the real property located at 4816 Wichita Street, Fort Worth, Texas, with a prepetition arrearage of $30,612.62. The Debtor acknowledged this treatment in the October 14, 2025 Letter Agreement concerning the Gileses' claim.

6.      Under the October 14, 2025, Letter Agreement, the Debtor expressly agreed that he would remit $1,611.19 per month directly to the Gileses and remain current postpetition. The Agreement further provided that the prepetition arrearage would be cured through the Chapter 13 Trustee's disbursements.

7.      The Court subsequently entered its Order Confirming Chapter 13 Plan on February 23, 2026. The confirmed Order identifies Lawrence and Mary Giles as holders of the secured claim relating to 4816 Wichita Street and provides for direct treatment of the current claim and payment of the arrearage through the Plan. The Gileses thereafter received distributions totaling $30,612.62 on account of the prepetition arrearage. Accordingly, this objection is based upon the Debtor's failure to make the separate ongoing postpetition payments required to be paid directly to the Gileses.

8.      The Debtor failed to maintain the required postpetition payments. On November 24, 2025, counsel for the Gileses provided written notice of the Debtor's default, specifically advising that no payment had been received for the October 1, 2025, or November 1, 2025, installments. At that time, the two missed payments totaled $3,222.38, with an additional $322.24 in contractual late charges, for a total of $3,544.62. The Notice of Default further advised the Debtor that his

25-42829-mxm13 - Response Opposed to Debtor's Motion for Entry of Discharge

postpetition default affected his Chapter 13 case and that continued nonpayment could require the Gileses to seek appropriate relief from the automatic stay and codebtor stay.

9.     On April 27, 2026, a second written notice of default was provided by the Gileses' counsel advising that no payments had been received for the period of October 1, 2025 through April 1, 2026. At that time, the missed payments, including contractual late charges, totaled $12,406.17. The Debtor has continued to fail to make the required direct payments. As of August 11, 2026, eleven postpetition monthly payments remain unpaid, totaling at least $17,723.09, exclusive of contractual late charges and any other amounts recoverable under the Note.

10.     Despite the documented postpetition default, the Debtor now seeks a discharge and certifies to the Court that he has made all payments required under his confirmed Chapter 13 Plan.

## II.     OBJECTION

11.     The Gileses object. A Chapter 13 debtor is not entitled to discharge under 11 U.S.C. § 1328(a) unless the debtor has completed all payments required under the plan, including postpetition payments that the confirmed plan requires the debtor to make directly to a secured creditor. *Kessler v. Wilson (In re Kessler)*, 655 F. App'x 242 (5th Cir. 2016); *In re Ramos*, 540 B.R. 580 (Bankr. N.D. Tex. 2015).

12.     Here, the Debtor's failure to make the required postpetition payments directly to the Gileses means that the Debtor has not fully performed the payment obligations that were part of the confirmed Plan and the agreed treatment of the Gileses' secured claim.

13.     The Debtor should not receive a Chapter 13 discharge while he remains in default on required postpetition payments owed directly to a secured creditor.

14.     Accordingly, the Gileses respectfully request that the Court deny the Debtor's Certification and Motion for Entry of Chapter 13 Discharge, or, alternatively, defer consideration of the

25-42829-mxm13 - Response Opposed to Debtor's Motion for Entry of Discharge

requested discharge until the Debtor has established that all required postpetition payments to the Gileses have been timely and fully made and that any outstanding default has been cured.

**WHEREFORE, PREMISES CONSIDERED,** Mary and Lawrence Giles respectfully request that the Court sustain this objection, deny the Debtor's Certification and Motion for Entry of Chapter 13 Discharge, and find that the Debtor has not established completion of all payments required under the confirmed Chapter 13 Plan. Alternatively, the Gileses request that the Court defer entry of discharge until the Debtor has fully cured all postpetition payment defaults owed to the Gileses, and grant the Gileses any such other and further relief as the Court deems just and proper.

Respectfully submitted:

NORRED LAW, PLLC

By: __/s/ Clayton L. Everett____
        Clayton L. Everett
State Bar No. 24065212
clayton@norredlaw.com
NORRED LAW, PLLC
515 E. Border St.
Arlington, Texas 76010
Telephone: (817) 704-3984
Attorney for Mary and Lawrence Giles

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2026, a true and correct copy of the above document shall be served via electronic means, if available, otherwise by regular, first-class mail, to:

*Via CM/ECF to Counsel for Debtor(s)*:

Craig Douglas Davis
Davis, Ermis & Roberts, P.C.
2000 E. Lamar, Suite 780
Arlington, TX 76006

*Via US Mail to Debtor(s)*:

Martin Romero
1801 Provine Street
Fort Worth, TX 76103

*Via CM/ECF to Chapter 13 Trustee:*　　　　*Via CM/ECF to US Trustee*:

Pam Bassel (NRH)　　　　　　　　　United States Trustee
6851 N.E. Loop 820, Suite 300　　　　　1100 Commerce Street, Room 976
N. Richland Hills, TX 76180　　　　　　Dallas, TX 75202


　*/s/ Clayton L. Everett*　　　　　
Clayton L. Everett