Gileses Exhibit C

**Fill in this information to identify the case:**

Debtor 1 Martin Romero

Debtor 2 (Spouse, if filing) ____

United States Bankruptcy Court for the: Northern District of Texas

Case number 25-42829-mxm13

Official Form 410

# Proof of Claim

04/25

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

1. **Who is the current creditor?**

Lawrence and Mary Giles
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor dba Romero's Automotive

2. **Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? ____

3. **Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name: Mary Giles | Name: |
| Number Street: 3865 Miller Avenue | Number Street: |
| City: Fort Worth State: TX ZIP Code: 76119 | City: State: ZIP Code: |
| Contact phone (817) 538-7134 | Contact phone ____ |
| Contact email mgiles8302@gmail.com | Contact email ____ |

Uniform claim identifier (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

4. **Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) ______ Filed on ____ MM / DD / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? ____

Gileses Exhibit C

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**
   ☑ No
   ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

7. **How much is the claim?** $ 184,768.03. **Does this amount include interest or other charges?**
   ☐ No
   ☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.
   Real Estate Lien Note and Deed of Trust

9. **Is all or part of the claim secured?**
   ☐ No
   ☑ Yes. The claim is secured by a lien on property.

   **Nature of property:**
   ☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
   ☐ Motor vehicle
   ☐ Other. Describe: ____________________

   **Basis for perfection:** Deed of Trust
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property**: $ 280,366.00
   **Amount of the claim that is secured:** $ 184,768.03
   **Amount of the claim that is unsecured:** $ 0.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:** $ 30,612.62

   **Annual Interest Rate** (when case was filed) 7.50 %
   ☑ Fixed
   ☐ Variable

10. **Is this claim based on a lease?**
    ☑ No
    ☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $____________

11. **Is this claim subject to a right of setoff?**
    ☑ No
    ☐ Yes. Identify the property: ____________________

Gileses Exhibit C

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

- ☑ No
- ☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $____________ |
| ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $____________ |
| ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $____________ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $____________ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $____________ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $____________ |

* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

- ☑ I am the creditor.
- ☐ I am the creditor's attorney or authorized agent.
- ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
- ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 10/10/2025
MM / DD / YYYY

/s/ Mary Giles
Signature

**Print the name of the person who is completing and signing this claim:**

Name: Mary Giles
First name Middle name Last name

Title: Creditor

Company: ____________
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 3865 Miller Avenue
Number Street
Fort Worth TX 76119
City State ZIP Code

Contact phone (817) 538-7134 Email mgiles8302@gmail.com

# REAL ESTATE LIEN NOTE

**Date:** May 1, 2017

**Borrower:** Martin R. Romero and Myrna A. Romero, husband **and** wife

**Borrower's Mailing Address:** 1801 Province Street, Fort Worth, Texas 76103-1921

**Lender:** Lawrence A. Giles and Mary A. Giles, husband and wife **Place for Payment:** 6921 Calendar Road, Arlington, Texas 76001-6609

**Principal Amount:** $200,000.00

**Annual Interest Rate:** 7.50%

**Maturity Date:** April 1, 2037

**Annual Interest Rate on Matured, Unpaid Amounts:** Maximum rate permitted by law

**Terms of Payment (principal and interest):** Principal amount and interest are due and payable in equal monthly installments of $ 1611.19 each on the First (1st) day of each month beginning May 1, 2017 and continuing until Maturity Date, at which time the entire amount of principal and interest remaining unpaid will be payable. Interest will be calculated on the unpaid principal to the date of each installment paid.

**Security for Payment:** This note is secured by a deed of trust dated May 1, 2017 from Martin R. Romero and Myrna A. Romero to Grey Pierson, Trustee, that secures the real property described as follows:

All that certain lot, tract or parcel of land situated in Fort Worth, Tarrant County, Texas, and being more particularly described as Lot 4A, Block 12, TRUELAND ADDITION, an addition to the City of Fort Worth, Tarrant County, Texas, according to the plat recorded in Volume 711, Page 174, Plat Records of Tarrant County, Texas, together with a 50.00 ft. portion of Original Jackson Street east of and immediately adjoining this lot on the east which was closed by Order of the Commissioners Court of Tarrant County, Texas, on August 18, 1938, as recorded in Book 34, Page 288, of the Minutes of the Commissioner Court of Tarrant County, such property being further known by street address as 4820 Wichita Street, Fort Worth, Texas 76119-4850;

*and*

All that certain lot, tract or parcel of land situated in Fort Worth, Tarrant County, Texas, and being more particularly described as Lot 5, Block 12, TRUELAND ADDITION, an addition to the City of Fort Worth, Tarrant County, Texas, according to the plat recorded in Volume 711, Page 174, Nat Records of Tarrant County, Texas, together with a 50.00 ft. strip along the east side of said lot and being part of a street which was closed by Tarrant County Commissioners Court Order No. 10221, a certified copy of which is recorded in Volume 3146, Page 14, Official Public Records of Tarrant County, Texas, such property being further known by street address as 4816 Wichita Street, Fort Worth, Texas 76119-4800.

Unofficial Copy

Borrower promises to pay to the order of Lender at the place for payment and according to the terms of payment the principal amount plus interest at the rates stated above. All unpaid amounts shall be due by the final scheduled payment date.

If Borrower defaults in the payment of this note or in the performance of any obligation in I,. any instrument securing or collateral to it, and the default continues after Lender gives Borrower notice of the default and the time within which it must be cured, as may be required by law or by written agreement, then Lender may declare the unpaid principal balance and earned interest on this note immediately due. Borrower and each surety, endorser, and guarantor waive all demands for payment, presentations for payment, notices of intention to accelerate maturity, notices of acceleration of maturity, protests, and notices of protest, to the extent permitted by law.

In the event any installment shall become overdue for a period in excess of ten days, a charge of ten percent (10%) of the amount so overdue may be charged by the holder hereof for the purpose of defraying the expense incident to handling the delinquent payment.

Borrower reserves the right to prepay-',this note in whole or in part at any time before maturity without penalty.

If this note or any instrument securing or collateral to it is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding, then Borrower shall pay Lender all costs of collection and enforcement, including reasonable attorney's fees and court costs, in addition to other amounts due. Reasonable attorney's fees shall be 10% of all amounts due unless either party pleads otherwise.

Interest on the debt evidenced by this note shall not exceed the maximum amount of non-usurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

Each Borrower is responsible for all obligations represented by this note.

When the context requires, singular nouns and pronouns include the plural.

Unofficial Copy

MARTIN R. ROMERO,
Borrower

MYRNA A. ROMERO,
Borrower

Gileses Exhibit C

MARY LOUISE GARCIA

COUNTY CLERK

100 West Weatherford Fort Worth, TX 76196-0401

PHONE (817) 884-1195

MARTIN ROMERO
1801 PROVINE STREET
FT WORTH, TX 76103

Submitter: MARTIN ROMERO

***DO NOT DESTROY***
***WARNING - THIS IS PART OF THE OFFICIAL RECORD.***

| | | | | |
|---|---|---|---|---|
| Filed For Registration: | 8/7/2017 1:20 PM | | | |
| Instrument #: | D217180196 | | | |
| | DT | 9 | PGS | $44.00 |

By: Mary Louise Garcia

D217180196

ANY PROVISION WHICH RESTRICTS THE SALE, RENTAL OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.

Unofficial Copy

8

# DEED OF TRUST

**Date:** May 1, 2017

**Grantor:** Martin R. Romero and Myrna A. Romero, husband and wife

**Grantor's Mailing Address:** 1801 Province Street, Fort Worth, Texas 76103

**Trustee:** Grey Pierson

**Trustee's Mailing Address:** 301 West Abram Street, Arlington, Texas 76010-7124

**Lender:** Lawrence A. Giles and Mary A. Giles, husband and wife

**Lender's Mailing Address:** 6921 Calender Road, Arlington, Texas 76001-6609

**Obligation:-**

**Note(s):**

***Date:*** May 1,2017

***Original Principal Amount:*** $200,000.00

***Borrower:*** Martin R. Romero and Myrna A. Romero, husband and wife

***Lender:*** Grey Pierson

***Maturity Date:*** April 1,2037

' ***Terms of Payment (optional):*** As set forth therein.

**Property:** All that certain lot, tract or parcel of land situated in Fort Worth, Tarrant County, Texas, and being more particularly described as Lot 4A, Block 12, TRUELAND ADDITION, an addition to the City of Fort Worth, Tarrant County, Texas, according to the plat recorded in Volume 12260, Page 999, Plat Records of Tarrant County, Texas, together with a 50.00 ft. portion of Original Jackson Street east of and immediately adjoining this lot on the east which was closed by Order of the Commissioners Court of Tarrant County, Texas, on August 18, 1938, as recorded in Book 34, Page 288, of the Minutes of the Commissioner Court of Tarrant County, Texas such property being further known by street address as 4820 Wichita Street, Fort Worth, Texas 76119-4850;

*and*

All that certain lot, tract or parcel of land situated in Fort Worth, Tarrant County, Texas, and being more particularly described as Lot 5, Block 12, TRUELAND ADDITION, an addition to the City of Fort Worth, Tarrant County, Texas, according to the plat recorded in Volume 711, Page 174, Plat Records of Tarrant County, Texas, together with a 50.00 ft. strip along the east side of said lot and being part of a street which was closed by Tarrant County Commissioners Court Order No. 10221, a certified copy of which is recorded in Volume 3146, Page 14, Official Public Records of Tarrant County, Texas, such property being further known by street address as 4816 Wichita Street, Fort Worth, Texas 76119-4800.

**Prior Liens:** None.

**Other Exceptions to Conveyance and Warranty:** Validly existing easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded and validly existing restrictions, reservations, covenants, conditions, oil and gas leases, mineral interests, and other instruments, other than conveyances of the surface fee estate, that affect the Property.

Unofficial Copy

For value received and to secure payment of the Obligation, Grantor conveys the Property to Trustee in trust. Grantor warrants and agrees to defend the title to the Property, subject to the Other Exceptions to Conveyance and Warranty. On payment of the Obligation and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Lender shall release it at Grantor's expense.

**Grantor's Obligations:**

Grantor agrees to:

1. keep the Property in good repair and condition;
2. pay all taxes and assessments on the Property before delinquency;
3. defend title to the Property subject to the Other Exceptions to Conveyance and Warranty and preserve the lien's priority as it is established in this deed of trust;
4. maintain, in a form acceptable to Lender, an insurance policy that:
   a. covers all improvements for their full insurable value as determined when the policy is issued and renewed, unless Lender approves a smaller amount in writing;
   b. contains an 80% coinsurance clause;
   c. provides fire and extended coverage, including windstorm coverage;
   d. protects Lender with a standard mortgage clause;
   e. provides flood insurance at any time the Property is in a flood hazard area; and
   f. contains such other coverage as Lender may reasonably require;
5. comply at all times with the requirements of the 80% coinsurance clause;
6. deliver the insurance policy to Lender within ten days of the date of this deed of trust and deliver renewals to Lender at least fifteen days before expiration;
7. obey all laws, ordinances, and restrictive covenants applicable to the Property;
8. keep any buildings occupied as required by the insurance policy;
9. if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and
10. furnish Lender proof of the timely payment of taxes on the Property by providing Lender with paid receipts for taxes no later than the last day of February each year for the previous year's taxes.

**Lender's Rights:**

1. Lender may appoint in writing a substitute trustee, succeeding to all rights and responsibilities of Trustee.
2. If the proceeds of the Obligation are used to pay any debt secured by prior liens, Lender is subrogated to all of the rights and liens of the holders of any debt so paid.
3. Lender may apply any proceeds received under the insurance policy either to reduce the Obligation or to repair or replace damaged or destroyed improvements covered by the policy. If the Property is Grantor's primary residence and Lender reasonably determines that repairs to the improvements are economically feasible, Lender will make the insurance proceeds available to Grantor for repairs.
4. Notwithstanding the terms of the Note to the contrary, and unless applicable law prohibits, all payments received by Lender from Grantor with respect to the Obligation or this deed of trust may, at Lender's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Lender with respect to

Unofficial Copy

the Obligation, to be applied to late charges, principal, or interest in the order Lender in its discretion determines.

5. If Grantor fails to perform any of Grantor's obligations, Lender may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney fees, plus interest on those amounts from the dates of payment at the rate stated in the Note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.
6. If there is a default on the Obligation or if Grantor fails to perform any of Grantor's obligations and the default continues after any required notice of the default and the time allowed to cure, Lender may:
   a. declare the unpaid principal balance and earned interest on the Obligation immediately due;
   b. direct Trustee to foreclose this lien, in which case Lender or Lender's agent will cause notice of the foreclosure sale to be given as provided by the TEXAS PROPERTY CODE as then in effect; and
   c. purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Obligation.
7. Lender may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

**Trustee's Rights and Duties:**

**If** diiected by Lender to foreclose this lien, Trustee will:

1. either personally or by agent give notice of the foreclosure sale as required by the TEXAS PROPERTY CODE as then in effect;
2. sell and convey all or part of the Property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to the Prior Liens and to the Other Exceptions to Conveyance and Warranty and without representation, express or implied, by Trustee;
3. from the proceeds of the sale, pay, in this order:
   a. expenses of foreclosure, including a reasonable commission to Trustee;
   b. to Lender, the full amount of principal, interest, attorney fees, and other charges due and unpaid;
   c. any amounts required by law to be paid before payment to Grantor; and
   d. to Grantor, any balance; and
4. be indemnified by Lender against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust created by this deed of trust, which includes all court and other costs, including attorney fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

**General Provisions:**

1. If any of the Property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.
2. Recitals in any trustee's deed conveying the Property will be presumed to be true.
3. Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

Unofficial Copy

4. This lien will remain superior to liens later created even if the time of payment of all or part of the Obligation is extended or part of the Property is released.

5. If any portion of the Obligation cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

6. Grantor assigns to Lender all amounts payable to or received by Grantor from condemnation of all or part of the Property, from private sale in lieu of condemnation, and from damages caused by public works of construction on or near the Property. After deducting any expenses incurred, including attorney fees and court and other costs, Lender will either release any remaining amounts to Grantor or apply such amounts to reduce the Obligation. Lender will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Lender notice of any actual or threatened proceeding for condemnation of all or part of the Property.

7. Grantor assigns to Lender absolutely, not only as collateral, all present and future rent and other income and receipts from the Property. Grantor warrants the validity and enforceability of the assignment. Grantor may as Lender's licensee collect rent and other income and receipts as long as Grantor is not in default with respect to the Obligation or this deed of trust. Grantor will apply all rent and other income and receipts to payment of the Obligation and performance of this deed of trust, but if the rent and other income and receipts exceed the amount due with respect to the Obligation and the deed of trust, Grantor may retain the excess. If Grantor defaults in payment of the Obligation or performance of this deed of trust, Lender may terminate Grantor's license to collect rent and other income and then as Grantor's agent may rent the Property and collect all rent and other income and receipts. Lender neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the Property. Lender may exercise Lender's rights and remedies under this paragraph without taking possession of the Property. Lender will apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Lender's rights and remedies and then to Grantor's obligations with respect to the Obligation and this deed of trust in the order determined by Lender. Lender is not required to act under this paragraph, and acting under this paragraph does not waive any of Lender's other rights or remedies.

8. Interest on the debt secured by this deed of trust will not exceed the maximum amount of non-usurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

9. In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

10. If Grantor transfers any part of the Property without Lender's prior written consent, Lender may declare the Obligation immediately payable and invoke any remedies provided in this deed of trust for default. If the Property is residential real property containing fewer than five dwelling units or a residential manufactured home, this provision does not apply to (a) a subordinate lien or encumbrance that does not transfer rights of occupancy of the Property; (b) creation of a purchase-money security interest for household appliances; (c) transfer by devise, descent, or operation of law on the death of a co-Grantor; (d) grant of a leasehold interest of three years or less without an

Unofficial Copy

option to purchase; (e) transfer to a spouse or children of Grantor or between co-Grantors; (f) transfer to a relative of Grantor on Grantor's death; (g) a transfer resulting from a decree of a dissolution of marriage, a legal separation agreement, or an incidental property settlement agreement by which the spouse of Grantor becomes an owner of the Property; or (h) transfer to an *inter vivos* trust in which Grantor is and remains a beneficiary and occupant of the Property.

11. Grantor may not cause or permit any Property to be encumbered by any liens, security interests, or encumbrances other than the liens securing the Obligation and the liens securing *ad valorem* taxes not yet due and payable without the prior written consent of Lender. If granted, consent may be conditioned upon Grantor's executing, before granting such lien, a written modification agreement containing any terms Lender may require, such as a principal pay down on the Obligation, an increase in the rate of interest payable with respect to the Obligation, an Approval fee, or any other modification of the Note, this deed of trust, or any other instruments evidencing or securing the Obligation.

12. Grantor may not cause or permit any of the following events to occur without the prior written consent of Lender: if Grantor is (a) a corporation, the dissolution of the corporation or the sale, pledge, encumbrance, or assignment of any shares of its stock; (b) a limited liability company, the dissolution of the company or the sale, pledge, encumbrance, or assignment of any of its membership interests; (c) a general partnership or joint venture, the dissolution of the partnership or venture or the sale, pledge, encumbrance, or assignment of any of its partnership or joint venture interests, or the withdrawal from or admission into it of any general partner or joint venturer; or (d) a limited partnership, (i) the dissolution of the partnership, (ii) the sale, pledge, encumbrance, or assignment of any of its general partnership interests, or the withdrawal from or admission into it of any general partner, (iii) the sale, pledge, encumbrance, or assignment of a controlling portion of its limited partnership interests, or (iv) the withdrawal from or admission into it of any controlling limited partner or partners. If granted, consent may be conditioned upon (a) the integrity, reputation, character, creditworthiness, and management ability of the person succeeding to the ownership interest in Grantor (or security interest in such ownership) being satisfactory to Lender; and (b) the execution, before such event, by the person succeeding to the interest of Grantor in the Property or ownership interest in Grantor (or security interest in such ownership) of a written modification or assumption agreement containing such terms as Lender may require, such as a principal pay down on the Obligation, an increase in the rate of interest payable with respect to the Obligation, a transfer fee, or any other modification of the Note, this deed of trust, or any other instruments evidencing or securing the Obligation.(c) Buyer is prohibited from marketing and /or advertising ANY type of transmission work to be performed at subject property for 10 year from the closing date of this sale.

13. When the context requires, singular nouns and pronouns include the plural.

14. The term *Note* includes all extensions and renewals of the Note and all amounts secured by this deed of trust.

15. This deed of trust binds, benefits, and may be enforced by the successors in interest of all parties.

16. If Grantor and Borrower are not the same person, the term *Grantor* shall include Borrower.

17. Grantor and each surety, endorser, and guarantor of the Obligation waive all demand for payment, presentation for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, protest, and notice of protest, to the extent permitted by law.

18. Grantor agrees to pay reasonable attorney fees, trustee's fees, and court and other costs of enforcing Lender's rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

Unofficial Copy

19. If Grantor transfers any part of the Property without Lender's prior written consent, Lender may declare the debt secured by this deed of trust immediately payable and invoke any remedies provided in this deed of trust for default. If the Property is residential real property containing fewer than five dwelling units or a residential manufactured home occupied by Grantor, exceptions to this provision are limited to (a) a subordinate lien or encumbrance that does not transfer rights of occupancy of the Property; (b) creation of a purchase money security interest for household appliances; (c) transfer by devise, descent, or operation of law on the death of a Co-Grantor; (d) grant of a leasehold interest of three years or less without an option to purchase; (e) transfer to a spouse or children of Grantor or between Co-Grantors; (f) transfer to a relative of Grantor on Grantor's death; and (g) transfer to an *inter vivos* trust in which Grantor is and remains a beneficiary and occupant of the Property.

20. If any provision of this deed of trust is determined to be invalid or unenforceable, the validity and enforceability of any other provision will not be affected.

21. Grantor represents that this deed of trust and the Note are given for the following purposes:

**The sum of $200,000.00 in cash that Lender advanced to Grantor on this day and that Grantor acknowledges receiving.**

**MARTIN R. ROMERO,**
**Grantor**

**MYRNA A. ROMERO,**
**Grantor**

This instrument was acknowledged before me by Martin R. Romero on this the 4th day of August 2017.

THOMAS E. WILLIAMS
Notary Public, State of Texas
Comm. Expires 07-01-2021
Notary ID 4930016

Notary Public

This instrument was acknowledged before me by Myrna. Romero on this the 4th day of August 2017.

THOMAS E. WILLIAMS
Notary Public, State of Texas
Comm. Expires 07-01-2021
Notary ID 4930016

Notary Public

*After recording please return to:*
**Lawrence and Mary Giles 6921**
**Calender Road Arlington,**
**Texas 76001-6609**

Unofficial Copy

Case 25-42829-mxm13 Doc 73-3 Filed 10/27/25 Entered 10/27/25 14:15:06 Desc Main Document Page 13 of 15

Gileses Exhibit C

Martin Romero
dab romero automotive
4816 & 4820 wichita st
Fort worth, TX. 76119

UPDATE PAYMENT HISTORY

| | |
|---|---|
| note: purchase price for the building and land | $300,000.00 |
| equiptments lifts | $15,000.00 |
| Down payment | ($100,000.00) |
| total finance | $215,000.00 |
| | |
| balance 09/26/2025 | $186,862.03 |
| Payments in 23-41381-mxm13 | ($3,194.00) |
| balance 09/26/2025 | $183,668.03 |
| Attorney's Fees | $1,100.00 |
| Total Due | $184,768.03 |
| | |
| 19 rear of payments | $30,612.62 |

Detailed Amortization Schedule

| Period | Date | Payment | | Interest | Extra Payment | Balance |
|---|---|---|---|---|---|---|
| 1 | 31-May-17 | 1611.65 | Principal | 1343.75 | 0 | 214732.1 |
| 2 | 1-Jul-17 | 1611.65 | 267.9 | 1342.08 | 0 | 214462.52 |
| 3 | 1-Aug-17 | 1611.65 | 269.57 | 1340.39 | 0 | 214191.26 |
| 4 | 1-Sep-17 | 1611.65 | 271.26 | 1338.7 | 0 | 213918.31 |
| 5 | 1-Oct-17 | 1611.65 | 272.96 | 1336.99 | 0 | 213643.65 |
| 6 | 1-Nov-17 | 1611.65 | 274.66 | 1335.27 | 0 | 213367.27 |
| 7 | 1-Dec-17 | 1611.65 | 276.38 | 1333.55 | 0 | 213089.17 |
| | | 11281.55 | 278.11 | 9370.73 | | |
| | | | 1910.84 | | | |
| 8 | 1-Jan-18 | 1611.65 | | 1331.81 | 0 | 212809.32 |
| 9 | 1-Feb-18 | 1611.65 | 279.84 | 1330.06 | 0 | 212527.73 |
| 10 | 1-Mar-18 | 1611.65 | 281.59 | 1328.3 | 0 | 212244.38 |
| 11 | 1-Apr-18 | 1611.65 | 283.35 | 1326.53 | 0 | 211959.25 |
| 12 | 1-May-18 | 1611.65 | 285.12 | 1324.75 | 0 | 211672.35 |
| 13 | 1-Jun-18 | 1611.65 | 286.91 | 1322.95 | 0 | 211383.65 |
| 14 | 1-Jul-18 | 1611.65 | 288.7 | 1321.15 | 0 | 211093.15 |
| 15 | 1-Aug-18 | 1611.65 | 290.5 | 1319.33 | 0 | 210800.83 |
| 16 | 1-Sep-18 | 1611.65 | 292.32 | 1317.51 | 0 | 210506.68 |
| 17 | 1-Oct-18 | 1611.65 | 294.15 | 1315.67 | 0 | 210210.7 |
| 18 | 1-Nov-18 | 1611.65 | 295.98 | 1313.82 | 0 | 209912.87 |
| 19 | 1-Dec-18 | 1611.65 | 297.83 | 1311.96 | 0 | 209613.17 |
| | | 19339.8 | 299.7 | 15863.84 | | |
| | | | 3475.99 | | | |
| 20 | 1-Jan-19 | 1611.65 | | 1310.08 | 0 | 209311.6 |
| 21 | 1-Feb-19 | 1611.65 | 301.57 | 1308.2 | 0 | 209008.15 |
| 22 | 1-Mar-19 | 1611.65 | 303.45 | 1306.3 | 0 | 208702.8 |
| 23 | 1-Apr-19 | 1611.65 | 305.35 | 1304.39 | 0 | 208395.54 |
| 24 | 1-May-19 | 1611.65 | 307.26 | 1302.47 | 0 | 208086.37 |
| 25 | 1-Jun-19 | 1611.65 | 309.18 | 1300.54 | 0 | 207775.25 |
| 26 | 1-Jul-19 | 1611.65 | 311.11 | 1298.6 | 0 | 207462.2 |
| 27 | 1-Aug-19 | 1611.65 | 313.06 | 1296.64 | 0 | 207147.19 |
| 28 | 1-Sep-19 | 1611.65 | 315.01 | 1294.67 | 0 | 206830.21 |
| 29 | 1-Oct-19 | 1611.65 | 316.98 | 1292.69 | 0 | 206511.24 |
| 30 | 1-Nov-19 | 1611.65 | 318.96 | 1290.7 | 0 | 206190.29 |
| 31 | 1-Dec-19 | 1611.65 | 320.96 | 1288.69 | 0 | 205867.33 |

Gileses Exhibit C

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 19339.8 | 322.96 | 15593.97 | | | |
| | | | 3745.85 | | | | |
| 32 | 1-Jan-20 | 1611.65 | | 1286.67 | 0 | 205542.35 | |
| 33 | 1-Feb-20 | 1611.65 | 324.98 | 1284.64 | 0 | 205215.34 | |
| 34 | 1-Mar-20 | 1611.65 | 327.01 | 1282.6 | 0 | 204886.28 | |
| 35 | 1-Apr-20 | 1611.65 | 329.05 | 1280.54 | 0 | 204555.17 | 20-Jul |
| 36 | 1-May-20 | 1611.65 | 331.11 | 1278.47 | 0 | 204221.99 | 20-Sep |
| 37 | 1-Jun-20 | 1611.65 | 333.18 | 1276.39 | 0 | 203886.73 | 20-Oct |
| 38 | 1-Jul-20 | 1611.65 | 335.26 | 1274.29 | 0 | 203549.37 | 20-Dec |
| 39 | 1-Aug-20 | 1611.65 | 337.36 | 1272.18 | 0 | 203209.9 | 21-Jan |
| 40 | 1-Sep-20 | 1611.65 | 339.47 | 1270.06 | 0 | 202868.31 | 21-Feb |
| 41 | 1-Oct-20 | 1611.65 | 341.59 | 1267.93 | 0 | 202524.59 | 21-Apr |
| 42 | 1-Nov-20 | 1611.65 | 343.72 | 1265.78 | 0 | 202178.72 | |
| 43 | 1-Dec-20 | 1611.65 | 345.87 | 1263.62 | 0 | 201830.69 | |
| | | 19339.8 | 348.03 | 15303.17 | | | 21-May |
| | | | 4036.63 | | | | 21-Jun |
| 44 | 1-Jan-21 | 1611.65 | | 1261.44 | 0 | 201480.48 | 21-Jul |
| 45 | 1-Feb-21 | 1611.65 | 350.21 | 1259.25 | 0 | 201128.08 | 21-Aug |
| 46 | 1-Mar-21 | 1611.65 | 352.4 | 1257.05 | 0 | 200773.48 | 21-Sep |
| 47 | 1-Apr-21 | 1611.65 | 354.6 | 1254.83 | 0 | 200416.66 | 21-Nov |
| 48 | 1-May-21 | 1611.65 | 356.82 | 1252.6 | 0 | 200057.62 | 21-Dec |
| 49 | 1-Jun-21 | 1611.65 | 359.05 | 1250.36 | 0 | 199696.33 | 22-Feb |
| 50 | 1-Jul-21 | 1611.65 | 361.29 | 1248.1 | 0 | 199332.78 | 22-Mar |
| 51 | 1-Aug-21 | 1611.65 | 363.55 | 1245.83 | 0 | 198966.96 | 22-Apr |
| 52 | 1-Sep-21 | 1611.65 | 365.82 | 1243.54 | 0 | 198598.85 | 22-May |
| 53 | 1-Oct-21 | 1611.65 | 368.11 | 1241.24 | 0 | 198228.44 | 22-Jul |
| 54 | 1-Nov-21 | 1611.65 | 370.41 | 1238.93 | 0 | 197855.72 | |
| 55 | 1-Dec-21 | 1611.65 | 372.72 | 1236.6 | 0 | 197480.67 | |
| | | 19339.8 | 375.05 | 14989.77 | | | 22-Sep |
| | | | 4350.03 | | | | 22-Oct |
| 56 | 1-Jan-22 | 1611.65 | | 1234.25 | 0 | 197103.27 | 22-Nov |
| 57 | 1-Feb-22 | 1611.65 | 377.4 | 1231.9 | 0 | 196723.52 | 23-Feb |
| 58 | 1-Mar-22 | 1611.65 | 379.76 | 1229.52 | 0 | 196341.39 | 23-Jun |
| 59 | 1-Apr-22 | 1611.65 | 382.13 | 1227.13 | 0 | 195956.87 | 23-Jul |
| 60 | 1-May-22 | 1611.65 | 384.52 | 1224.73 | 0 | 195569.95 | 23-Aug |
| 61 | 1-Jun-22 | 1611.65 | 386.92 | 1222.31 | 0 | 195180.61 | 23-Oct |
| 62 | 1-Jul-22 | 1611.65 | 389.34 | 1219.88 | 0 | 194788.84 | 1-Nov |
| 63 | 1-Aug-22 | 1611.65 | 391.77 | 1217.43 | 0 | 194394.62 | 1-Feb |
| 64 | 1-Sep-22 | 1611.65 | 394.22 | 1214.97 | 0 | 193997.93 | 1-Mar |
| 65 | 1-Oct-22 | 1611.65 | 396.68 | 1212.49 | 0 | 193598.77 | 1-Apr |
| 66 | 1-Nov-22 | 1611.65 | 399.16 | 1209.99 | 0 | 193197.11 | |
| 67 | 1-Dec-22 | 1611.65 | 401.66 | 1207.48 | 0 | 192792.94 | |
| | | 19339.8 | 404.17 | 14652.08 | | | 24-May |
| | | | 4687.73 | | | | 24-Jun |
| 68 | 1-Jan-23 | 1611.65 | | 1204.96 | 0 | 192386.25 | 24-Jul |
| 69 | 1-Feb-23 | 1611.65 | 406.69 | 1202.41 | 0 | 191977.01 | 24-Aug |
| 70 | 1-Mar-23 | 1611.65 | 409.24 | 1199.86 | 0 | 191565.22 | 24-Oct |
| 71 | 1-Apr-23 | 1611.65 | 411.79 | 1197.28 | 0 | 191150.85 | 1-Nov |
| 72 | 1-May-23 | 1611.65 | 414.37 | 1194.69 | 0 | 190733.89 | 24-Dec |
| 73 | 1-Jun-23 | 1611.65 | 416.96 | 1192.09 | 0 | 190314.33 | 25-Jan |
| 74 | 1-Jul-23 | 1611.65 | 419.56 | 1189.46 | 0 | 189892.14 | 25-Feb |
| 75 | 1-Aug-23 | 1611.65 | 422.19 | 1186.83 | 0 | 189467.32 | 25-Mar |
| 76 | 1-Sep-23 | 1611.65 | 424.82 | 1184.17 | 0 | 189039.84 | 25-Apr |
| 77 | 1-Oct-23 | 1611.65 | 427.48 | 1181.5 | 0 | 188609.69 | 25-May |
| 78 | 1-Nov-23 | 1611.65 | 430.15 | 1178.81 | 0 | 188176.85 | 25-Jul |
| 79 | 1-Dec-23 | 1611.65 | 432.84 | 1176.11 | 0 | 187741.3 | 1-Sep |

Gileses Exhibit C

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 80 | 1-Jan-24 | 1611.65 | 435.55 | 1173.38 | 0 | 187303.04 | |
| 81 | 1-Feb-24 | 1611.65 | 438.27 | 1170.64 | 0 | 186862.03 | |
| | | 22563.1 | 441.01 | 16632.19 | | | m |
| | | | 5930.92 | | | | m |
| 82 | 1-Mar-24 | 1611.65 | | 1167.89 | 0 | 186418.27 | m |
| 83 | 1-Apr-24 | 1611.65 | 443.76 | 1165.11 | 0 | 185971.73 | m |
| 84 | 1-May-24 | 1611.65 | 446.54 | 1162.32 | 0 | 185522.4 | m |
| 85 | 1-Jun-24 | 1611.65 | 449.33 | 1159.52 | 0 | 185070.27 | m |
| 86 | 1-Jul-24 | 1611.65 | 452.14 | 1156.69 | 0 | 184615.31 | m |
| 87 | 1-Aug-24 | 1611.65 | 454.96 | 1153.85 | 0 | 184157.5 | m |
| 88 | 1-Sep-24 | 1611.65 | 457.8 | 1150.98 | 0 | 183696.83 | m |
| 89 | 1-Oct-24 | 1611.65 | 460.67 | 1148.11 | 0 | 183233.29 | m |
| 90 | 1-Nov-24 | 1611.65 | 463.55 | 1145.21 | 0 | 182766.85 | |
| 91 | 1-Dec-24 | 1611.65 | 466.44 | 1142.29 | 0 | 182297.49 | |
| | | | 469.36 | | | | m |
| | | | | | | | m |
| 92 | 1-Jan-25 | 1611.65 | | 1139.36 | 0 | 181825.2 | m |
| 93 | 1-Feb-25 | 1611.65 | 472.29 | 1136.41 | 0 | 181349.95 | m |
| 94 | 1-Mar-25 | 1611.65 | 475.24 | 1133.44 | 0 | 180871.74 | m |
| 95 | 1-Apr-25 | 1611.65 | 478.21 | 1130.45 | 0 | 180390.54 | m |
| 96 | 1-May-25 | 1611.65 | 481.2 | 1127.44 | 0 | 179906.33 | m |
| 97 | 1-Jun-25 | 1611.65 | 484.21 | 1124.41 | 0 | 179419.09 | m |
| 98 | 1-Jul-25 | 1611.65 | 487.24 | 1121.37 | 0 | 178928.81 | m |
| 99 | 1-Aug-25 | 1611.65 | 490.28 | 1118.31 | 0 | 178435.47 | |
| 100 | 1-Sep-25 | 1611.65 | 493.35 | 1115.22 | 0 | 177939.04 | |
| | | | 496.43 | | | | |